*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

V

TOMMIE WESLEY MILLER, JR.,

        Defendant-Appellant.

UNPUBLISHED
July 29, 2021

No. 353843
Ingham Circuit Court
LC No. 19-000521-FH

Before: HOOD, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Defendant appeals by right his bench-trial conviction of carrying a concealed weapon, MCL 750.227, for which he was sentenced to serve one day in jail and 12 months' probation. We affirm.

Police responded to a large fight at a crowed bar in East Lansing. An officer observed defendant walk quickly away from the bar, and a bystander told the officer that he saw defendant with a gun. Several police officers began searching the nearby parking ramp for defendant until they found him and another person sitting in defendant's vehicle. The police ordered defendant and the passenger to exit the vehicle. Defendant was searched for weapons and handcuffed. The officers, without informing him of his *Miranda*[1] rights, repeatedly asked defendant if he had a gun on his person or in the car. Defendant initially insisted that he did not have a gun, and the officers asked defendant if they could search his car to make sure that there was no firearm. Defendant then admitted that there actually was a gun in the center console of his vehicle, and he consented to a search of the car. The police seized a loaded pistol from the center console of defendant's vehicle. The trial court denied defendant's motion to suppress his statement that there was a gun in the car and to suppress evidence of the gun.

On appeal, defendant argues that he was the subject of a custodial interrogation by the police without having been advised of his *Miranda* rights and that the trial court thus erred by

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

denying his motion to suppress his statement and the physical evidence, i.e., the gun, that flowed from the statement.

This Court reviews for clear error a trial court's factual findings made in connection with a ruling on a motion to suppress a statement. *People v Attebury*, 463 Mich 662, 668; 624 NW2d 912 (2001). "To the extent that a trial court's ruling on a motion to suppress involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *Id.* In *Attebury*, *id.* at 668-669, our Supreme Court discussed *Miranda*, observing as follows:

> In its landmark *Miranda* decision, the United States Supreme Court announced the general rule that the prosecution in a criminal case may not use a statement stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. As a basis for the rule, the *Miranda* Court explained that in order to effectively combat the inherently compelling pressures of custodial interrogation, an accused must be adequately and effectively apprised of rights associated with the interrogation. In the years since *Miranda*, the United States Supreme Court has repeatedly described the required advice of rights as being a "prophylactic" measure designed to protect the exercise of an accused's Fifth Amendment rights. See *Dickerson v United States*, 530 US 428, 438 n 2; 120 S Ct 2326; 147 L Ed 2d 405 (2000). Although some of these decisions . . . might have been read to suggest that *Miranda* warnings are not constitutionally required, the Court has recently confirmed that the *Miranda* decision "announced a constitutional rule." *Dickerson*, [530 US] at 444. [Quotation marks and citations omitted.]

The United States Supreme Court has concluded that overriding considerations of public safety may justify a police officer's failure to provide *Miranda* warnings before asking questions devoted to locating a weapon that had been observed. *New York v Quarles*, 467 US 649, 651; 104 S Ct 2626; 81 L Ed 2d 550 (1984). The *Quarles* Court explained that the *Miranda* rule does not apply to circumstances involving police questioning that is reasonably prompted by a concern for public safety. *Id.* at 656. The Michigan Supreme Court applied *Quarles* in *Attebury*, noting that "[a]lthough the *Quarles* Court repeatedly referred to 'public safety,' its use of the phrase 'public safety' clearly encompassed the safety of the officers as well as the general public." *Attebury*, 463 Mich at 671. There must be an "immediate" concern with respect to public safety, and the availability of the public-safety exception does not depend on the subjective motivations of the police. *Id.* at 670.

In this case, the police were responding to a large fight at a crowded bar; they were told that defendant had a gun, and defendant walked away from the area at a swift pace. Defendant was found in a large parking garage with numerous cars and people in the area. When defendant was being questioned, several officers were present; defendant was not in his car, and he was handcuffed. The police had no way of knowing if defendant had given the gun to someone else who had not been in the vehicle or if defendant had hidden the gun somewhere in the parking garage. The questions pertained solely to whether defendant had a gun on his person or in the car.

Accordingly, we cannot conclude that the trial court erred by applying the public-safety exception to *Miranda* and denying defendant's motion to suppress.

Furthermore, physical evidence obtained as the result of an un-*Mirandized* statement is admissible as long as the statement was made voluntarily. *People v Campbell*, 329 Mich App 185, 205; 942 NW2d 51 (2019). "It is only the physical fruits of an actually coerced statement that must be suppressed to serve the deterrent purpose of the exclusionary rule." *Id.* Defendant maintains that he did not voluntarily admit to having a gun or consent to the search of his car. The trial court found to the contrary. Body-camera footage from one of the officers presented compelling evidence that defendant's statements regarding the gun and consent were voluntary and not coerced. When the relevant conversation occurred, only two officers spoke with defendant. They spoke in a calm and conversational tone; they did not have their weapons drawn; they never insinuated that defendant could not decline to consent to the search; they were not touching defendant, and the overall tenor of the conversation made it clear that they were merely asking defendant to tell the truth. The trial court did not clearly err by finding that the police did not coerce defendant into making the pertinent statements.

Because defendant's statements were voluntary and uncoerced and he did give valid consent to search, we agree the gun found in the center console of defendant's car constituted admissible evidence that was not subject to the exclusionary rule even if there were a *Miranda* violation. Therefore, even assuming a constitutional error, we find it was harmless beyond a reasonable doubt given the strong untainted evidence of guilt. MCL 769.26; *People v Whitehead*, 238 Mich App 1, 7; 604 NW2d 737 (1999).

We affirm.

/s/ Karen M. Fort Hood
/s/ Jane E. Markey